Good morning, your honors. I'm Janine Manhattan for Appellant Sonia Newman. Please excuse my voice. I'll be very brief. I'm suffering from laryngitis. As the court knows, this is an issue of law. I've got a lozenge, if you'd like one. I just took one. I'm just a mess right now. Have water over that, too. It'll help you. There's just one simple issue of law. There's no disputed facts. From our perspective, there's a real split amongst the circuits and even within the circuit. When you've got a consumer fraud class action, do you need to create subclasses or not? Are the differences important or not? That's the only thing for the court. And our standard of review is abuse of discretion, correct? Yes, it is, your honor. We believe the record indicates that the court may have misunderstood the state of the law. She stated that, well, are you saying that there can never be a nationwide class action? And the record is clear we did not say that. We cited to the court instances where the courts just have to go through and create subclasses. There are charts that do that. I took that to be sort of a rhetorical question of the sort that judges badger lawyers with all the time. But the only difference, it seems to me, among the class members is the differing potential for the amount of recovery under various state laws, but that they are otherwise situated the same way both factually and legally. Is that a correct understanding? It's largely correct. A few states actually, I believe, don't even permit their citizens to participate in class actions. I've listed those, Kentucky and Georgia, Louisiana. But that has to be a matter of federal law anyway, no? Pardon me? Wouldn't that be a matter of federal law? Whether the class action is allowed at all doesn't seem to be a state law question. I feel like it's a matter of states observing other states' laws and courts saying that states' consumer fraud laws need to be respected. What I'm saying is it's not at all clear to me that a state consumer fraud law that doesn't allow class actions applies in federal court. Well, the federal court would apply the state law in a class action diversity case. As to the question of whether a class action is allowed? Yes. But that's a procedural question which would normally be governed by federal law. As I mentioned, it's a question of law for the court to determine whether it's appropriate for one state to apply its state's law irrespective of the differing consumer fraud state laws which other courts have held is a compelling state interest. Leaving aside this issue about whether state law allows class action, because I really think that's a federal question, the other difference is, as I understood it essentially, that some states have minimum recoveries. Is that the other major difference? Yes. And how many are there of those? Montana, I think? New Mexico was one, I think. I listed five or six or seven, I believe. Okay. And the recovery allowed here was less than those minimum recoveries would have been? In some states it might be zero. In some states it might be $1,000. And the recovery here depends. It's flexible. It's flexible depending on your injury. If you just say, I bought it, you get $5. If you say, I had to call a plumber, you get $30. If you say, I had to replace my toilet, you get $175. But they don't actually have to prove the elements that would be required to prove in order to get the minimum recovery in the states that have minimum recoveries. In other words, they could have lost the case. Yes. Yes. So exactly what is the relevance of the lower recovery, of the fact that there would have been possibly a different recovery if they would? The Montana citizen might have been eligible for a $1,000 recovery. But they could always have opted out. If somebody said, this is an outrage. I not only had to replace my toilet, but I suffered a flood and I've got huge damages here. They could have opted out and dealt with that separately. Correct? I mean, there's always an opportunity to opt out. Yes, Your Honor. I agree. However, I feel like we're losing sight of the larger issue of, is it appropriate to ignore other states' compelling interests in how they choose to treat consumer fraud issues? And I believe it's more appropriate to create subclasses which observe each state's other laws. And that's the only issue we've presented to the court, not how much everyone's going to get. But they could have created subclasses and come to exactly the same settlement. Pardon me? They could have created the subclasses and had exactly the same settlement. That's theoretically probable, but that didn't happen. In Hanlon, that was able to happen. They had a representative from each state. That didn't happen here. That's why Hanlon's distinguishable, and that's why we feel it's a matter of first impression. Thank you. Thank you, Your Honor. Thank you. May it please the Court, Kevin Green for the Plaintiff-Appley, Sean D. Hartless, who is also the class representative. I'd like to divide my time with the other Appley's counsel, Counsel for Clorox. I expect to take five minutes, certainly not more than ten minutes. I'd like to begin with the Article III question that I've raised. Well, these are objectors who want the class decertified. They've been included in something that they want to be excluded from, as I understand it. So why wouldn't they have standing? And why wouldn't they be aggrieved by the class certification if they believe they should never have been part of a class? I think, as the Court's question just indicated, they could have opted out. And I don't think that's their argument. Well, they didn't opt out. So they are members of the class right now. And if they claim that it was legal error to have a class action, they are parties. So I guess I don't understand why they wouldn't have standing as a party to say that there's been a legal error in the case. I think it's important to pinpoint what exactly is the claim of error. And counsel just stated it clearly, I think, that there was supposedly a need for subclasses. And I think it's absolutely correct to say that there's no need for that if it wouldn't change the terms of the settlement. And there's no indication of that here. Well, were the people, the objectors, are they residents of the states that have the minimum recovery laws? No. And that was going to be my next point, that objector Sonia Newman is a California resident. The other objectors are residents of Texas and Ohio. And to be precise about these other states, the New Mexico statute is New Mexico Code Annotated 57-12-10. And that, by its text, applies only to the named plaintiffs and not to absent class members. And the Montana statute, referring to not $1,000 but actual damages of $500, applies only in individual actions. So those statutes don't even apply here. What do you mean actual damages? Actual damages are available anyway. Well, the statute specifies ability to recover actual damages or $500, whichever is greater, in an individual action but not a class action. This is a class action, so that doesn't apply here. We've made that point in our papers and there's never been a response to it. So the handful of state laws that supposedly differ here don't even apply here. Why isn't that just a merits conversation, though, to say, well, there's no abuse of discretion, end of discussion? I don't understand why that's an Article III problem. It's an Article III problem because these objectors haven't identified any relief this court can provide that would actually benefit them in any way. Well, they want decertification of the class, as I understand it. So that is, you may see it as not a victory for them, but they see it. I'm not sure what it would gain them ultimately, but as parties, as members of the class, I just don't understand why they wouldn't have standing to complain of the class certification of which they are part. I think if that were their argument, and perhaps counsel can clarify on rebuttal, but I understood it to be that simply this class required subclasses due to differences in state laws. And if the argument is... Right, but it's a reversal of the existing certification order. That's what they're seeking. They say this order is no good. I think it's a little bit fuzzy because there's an emphasis on subclasses, which assumes that you have a class, and that here, as counsel just stated, there supposedly was a need for subclasses because of variations in state law that, as I've just explained, don't really exist. Right, which I guess we're kind of talking past each other, which I think is a very strong argument on the merits as to why there's no abuse of discretion because everybody's in the same boat. And I don't mean to talk past the question. I think it does go to the merits, and there's certainly no clear abuse of discretion. And I just want to try again on Article 3 because I think this is important. In the district court, unnamed class members may object, they may appear, and so on, and they may generally appeal without intervening. All that's true. But they also have to show, and this is directly from the Glasser decision that we referenced in our briefs, that the appellate court can provide relief that would actually benefit the objecting class member. These objectors here, despite multiple opportunities, have not identified any relief that this court could provide. They're getting 100% monetary relief of purchase price restitution and any property damage based on minimal proof requirements. They haven't identified anything under California law or the laws of the other states that they would get if supposedly this court ruled in their favor. I think of it in terms of when I write a brief, often the first section I write is the conclusion, to be very clear, representing the appellant. What do you want the court to do? And here the argument is subclasses, well, for what purpose? Not to benefit them, but not evidently to benefit anybody on this record, where it's truly an outstanding settlement, where there's 100% back of the purchase price based on a very simple claim form, and to use a term from two days ago, a claims process that's a piece of cake. It's a one-page form, very simple to do, no documentation required, unless the claim is more than $175. So that there's no injury here that's been identified, and I want to just... $175, you can buy a new toilet. That may be possible. We'll go to Home Depot and find out. Yeah, Home Cheapo, some people call it, yes, right. Well, you know, you've got some immunity here in the courtroom. I don't know that that's Home Cheapo. All right, my time is running down. I want to leave some time for Clorox's counsel, but I just want to refer the court to the motion to dismiss the appeal that contains additional discussion of the Article III issue, and that's at Ninth Circuit Docket Entry 47-1. Now, that motion was denied by the appellate commissioner on the ground that briefing was completed, but in the reply brief, Ms. Newman raises an argument that she could recover treble damages under the California Unfair Practices Act, and we haven't had a chance to address that, but those papers explain that that's an antitrust statute that simply doesn't apply here. Well, what your product does is it, over time, causes the rubber that's part of the mechanism of the toilet to deteriorate. It's true, isn't it? That was the allegation of the complaint, and that's the factual core that combines the class together. That's right. And I learned that a long time ago. I'm an amateur plumber. Well, you're a step ahead of me. I'd like you to just conclude by referring to... I'm a step ahead of a lot of plumbers. If I could, I'd like to conclude by just referring to the Staten case, which essentially concludes under the abuse of discretion standard, there is no need for subclasses when it wouldn't impact the terms of the settlement. And bottom line here, on the merits, that's why the district court should be affirmed. Thank you. May it please the Court, Sabrina Strong of O'Melveny & Myers on behalf of Defendant Apelli, the Clorox Company. To clarify some issues that have been raised already, one question was asked, isn't it that the objectors here want decertification? That's not correct. What the objectors want here is subclasses. And they have failed to identify how it is that subclasses would do anything to assist them or redress any injury that they allegedly have. They have simply failed to identify how they have been injured by the court not employing subclasses in this situation. I also agree, Your Honor, with you, that it does relate to the abuse of discretion analysis as well. You know, I may be missing something that is apparent to both of you, but I don't really understand why there's such a vigorous emphasis on standing instead of just saying there's no abuse of discretion. I'm not sure what it is that would be different from either of your clients' points of view between affirmance and dismissal. In both situations, you're right, Your Honor, the outcome would be the same. Generally, we oftentimes think about standing as a preliminary out-of-the-gate question. Yeah, I mean, it is in theory a jurisdictional issue that comes first, but it seems to me that it's a situation in which there's mixing up of the merits and the standing question by saying because you can't win, therefore you don't have standing, which is what it sounds like. Well, it's not because you can't win. It's because they failed to identify any harm they have suffered. But that's often true. If you have a tort claim but you can't point to any damages, you've lost your – it's not that you don't have standing to complain about whatever happened. It's just that you have no claim, and I guess it seems more like that to me. Understood, Your Honor. And I think you're exactly right. The outcome is the same in any event in that they do cross over. There is no abuse of discretion here because there's no harm by failing to employ subclasses. And there was no basis to employ subclasses here. I'd like to address one other issue that was raised by Your Honor. You asked, aren't the class members here similarly situated legally and factually? And I would say they are only because there's a settlement at issue. The settlement is what's key as to why this class can be certified and approved in this situation because if it weren't for the settlement, there would be individualized issues based on the varying laws that would overwhelm the case and would predominate. But because there's a settlement, we know from Amchem, the U.S. Supreme Court case, N. Ray Worfen, a Third Circuit case, and also Sullivan v. D.B. Investments that was raised in a 28-J letter by Mr. Green. It was decided by the Third Circuit en banc in December 2011. All of those cases are critical to understanding that when you have a settlement class, individualized issues based on varying state laws essentially fall to the wayside. Well, that can't be universally true and certainly hasn't been universally true in the sense that if, in fact, there was sufficiently different state law involved, then the various people in different states would essentially have different leverage for purposes of the settlement. And it therefore could make it inappropriate to proceed in a nationwide class. Wouldn't that be true? Correct. If you have a situation like Amchem, for example, the asbestos case, where they were attempting to combine individuals with present claims, present injuries, and individuals who had future injuries, latent injuries, individuals who had no idea whether they would be injured or not. And so the interest there, you're right, would be so different that it would not be fair to combine them in a class. And the point is that different state laws could create a similar divergence. Correct. But when you have a settlement here where these varying state laws are not going to be litigated and overall the nature of the issues at issue in the litigation, we're talking about a very inexpensive product. But suppose that one state provided, you know, $100,000 to anybody who could prove that they were or an automatic $100,000 to anybody who could prove a consumer violation. Presumably the members in that state would not be very well represented by named plaintiffs with a nationwide class where in every other state the potential recovery was much less. That may be so, Your Honor, but those are certainly not the facts of the case here. And the district court considered these issues and decided that there was sufficient unity based on the claims that remained and the disputed issues or the issues that remained given that the defendant was choosing not to litigate liability here such that it was okay to certify the settlement here. The cohesiveness of the class was sufficiently unified based on the findings of the trial court. We did not have facts such as those posed by Your Honor. And I do agree that if there were facts such where the claimants, the class members' interests were so widely varied, like in Amchem, that it may not be appropriate to certify a class even in the context of the settlement. But that's not what we have here. And specifically Sullivan v. D.B. Investments, the Third Circuit on bond case from December 2006, which the site is 667 F. 3rd at 273, is very enlightening on these issues. It goes into a rather in-depth analysis of this particular issue, Your Honors. Well, here in the class action you have kind of rough justice that goes on. And I read this over, and it seems to me it was absolutely no abuse of discretion in approving of this settlement.  It's not a claims-based settlement. There's a pot of money put up, and we're not dealing with a really expensive product. You're also dealing with your product, your client's product, where there's a difference of opinion among plumbers as to whether it's beneficial or not. And then if there's any money left over, and there probably will be, it's going to be used for charitable purposes. Sounds good to me. That's just me. That's right, Your Honor. It is an extremely fair settlement. The district court talked about that and said this is one that really seems to give real value to the class members. All class members are entitled to recover 100 percent of their claimed damages. And the only way in which there would be anything less than 100 percent is if the fund were fully exhausted. And that has not happened in this case. The claims period has closed, and there are sufficient funds to cover all of the claims that have been submitted. How much money is going to be left over? That's unknown right now because the claims administrator has to actually process the claims. But we know that defendant Clorox has not been asked to put in an additional million dollars. There was a piece of this settlement, Your Honor, that is if over $7 million in claims were submitted, that the defendant would be obligated to submit another million dollars. And Clorox has not been asked to do that. And there's no indication that the defendant will be asked to do that in this case. There are sufficient funds existing to address all of the claimant's claims. So if there are no further questions, Your Honor, we ask that you affirm the district court's decision. Thank you very much. Thank you. Anything else? I have nothing further. All right. The matter is submitted. We'll take a recess at this time. Feel better. All rise. Thank you. This court is in recess. Thank you. Thank you.  12-3. Yeah. Yeah. No, there's another one going on. I got a stickiness. Do they not have court of appeals judges downtown anymore? Are they all out of their chambers? Yes. Yeah, there's some downtown. Oh, there's still some in the chambers. Oh, OK. I thought maybe they moved them all out. It's right across the downtown. Yeah, it's downtown. OK. Yeah. OK. I don't want to go back. Arbitration. Yeah, it must be. They supply us with payments. Yeah. You got any money on that? What do you do? Yeah. Same panel? No. Different panel. Also at Dorsey. No, Dorsey, they don't have one. Oh, they don't have a client. I'm going to do it in the past. Oh, OK. Right downtown. Mm-hmm. OK. I'm going to go back to Dave. Yeah. Well, I'm not. I'm going to back up. All right. Yeah. That's right. That's right. Yeah. OK. They were taxing. It's right on the bridge. Can you believe it? It's all here. It's all here. Yeah, it's just over there. It's right on the bridge. Water. There was no water. Any money? Some. We had it before. There was no water. I'm dying. I'm coughing. I'm excited. Yeah. OK. But he took a break. But he will know.        Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Right. Yeah.  Yeah. All right. All right. All right. All right. All right.  All right. The next matter is Scarborough versus Bethel Fisher.
judges: Pregerson, Graber, Berzon